UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL TIMOTHY HESLA,

Plaintiff,

v.

JAMES PAUL LeGARE,

Defendant.

Civil No. 00-1871 (DDA/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed.R.Civ.P. 12(h)(3).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to

FILED AUG 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The complaint in this case consists of disjointed sentence fragments that provide very little information about the facts and circumstances on which Plaintiff's lawsuit is based. As far as the Court can tell, Plaintiff has had a longstanding personal relationship with Defendant, during which Defendant allegedly subjected Plaintiff to various forms of physical and mental abuse. The complaint includes vague allegations of sexual harassment, threats, coercion and assault. Plaintiff also appears to be claiming that Defendant has caused him economic harm, by fraud, breach of contract, and other financial misdealings. In his prayer for relief, Plaintiff requests –

> "complete financial reimbursement for: all my debts private and civil; the 8,000 dollars I was promised; seizure of the Specified Communications Equipment as documented in the process Receipt and Return by the US Marshal to be sold and used to cover my debts and inheritance, returned to the bank for forgiveness of debt, or turned over to me for my own use; fearless and thorough investigation into the current activity of Mr. James Paul LeGare including the potential threat posed to my own children."

Even with the benefit of the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), it is readily apparent that Plaintiff's complaint does not state any claim that can be entertained in federal court. While Defendant's alleged conduct might give rise to some type of actionable claim under state law, (perhaps a tort or breach of contract

---

determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

claim), the Court can identify no federal law cause of action in the complaint.[2] Because Plaintiff has not pleaded any federal claim on which relief can be granted, his complaint must be dismissed, and his IFP application must be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, the absence of a federal claim deprives the court of subject matter jurisdiction.[3] Thus, Fed. R. Civ. P. 12(h)(3) also requires that the action be dismissed.[4]

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[2] The Court has not overlooked Plaintiff's unexplained references to 42 U.S.C. §§ 10801 et seq. and 6000 et seq., which were enacted to advance the causes of the mentally ill and developmentally disabled. Those statutes have no apparent relevance here, because Plaintiff has not alleged that he is mentally ill or developmentally disabled, nor has he alleged that Defendant's alleged misdeeds were somehow related to any mental illness or developmental disability from which he might suffer. Furthermore, the statutes Plaintiff has cited do not provide any basis for any private right of action. See Asselin v. Shawnee Mission Medical Center, Inc., 894 F.Supp. 1479, 1485 (D.Kan. 1995) ("[t]he so-called Developmentally Disabled Assistance Act, 42 U.S.C. § 6000 et seq., does not provide plaintiff a private cause of action"); N.A.M.I. (National Alliance of Mentally Ill Of Essex) v. Essex County Bd., 91 F.Supp.2d 781, 786 (D.N.J. 2000) ("neither enforceable rights and duties nor a private right of action are created by 42 U.S.C. § ... 10801").

[3] Federal jurisdiction cannot be invoked based on diversity of citizenship (see 28 U.S.C. § 1332), as both Plaintiff and Defendant are alleged to be residents of Minnesota.

[4] Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

1. Plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 2), be DENIED; and

2. The action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

Dated: August 14, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.