UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL TIMOTHY HESLA,

Plaintiff,

v.

JAMES PAUL LeGARE,

Defendant.

00 CIV 1871 (DDA/SRN)

**ORDER**

---

On August 7, 2000, the Plaintiff in the above action filed an Application to Proceed Without Prepayment of Fees. On August 14, 2000, Magistrate Judge Susan Richard Nelson filed her Report and Recommendation wherein she recommended the following:

1. Plaintiff's Application to Proceed Without Prepayment of Fees be denied; and
2. The action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

No appeal from or objections to the Magistrate Judge's Report and Recommendation has been filed with the Clerk notwithstanding the passage of in excess of ten (10) days after its service upon the Plaintiff. On August 14, 2000, the Plaintiff filed an Amended Complaint.

The Court has carefully reviewed the original Complaint and concurs with the Magistrate Judge's Report that it fails to state a claim upon which relief may be granted. The Court, like the Magistrate Judge, discerns no federal cause of action even in construing the Complaint most liberally.

Although it was not before the Magistrate Judge, the Court has reviewed the Amended Complaint. The Court finds it to be virtually identical in all material respects to the original Complaint. In addition to the one page Amended Complaint, it has attached to it some 297 additional pages. These appear to be copies of various opinions and documents. The addition of this voluminous material does nothing to enlighten the Court as to the nature of the controversy or to identify a federal claim. Although the Plaintiff may have a dispute with the proposed Defendant,

FILED SEP 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD SEP 06 2000
DEPUTY CLERK

nothing filed in this Court gives a description of a controversy that would give this Court jurisdiction to address the dispute nor provide any form of relief.

Based upon the Court's *de novo* review of the original Complaint and the Amended Complaint and its attachments:

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees is DENIED.
2. The above action as purported to be alleged in the original Complaint and in the Amended Complaint is DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

DATED: September 6, 2000.

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: SEP 06 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995